IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-MJ-1387

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| LATORIE J. CRUMPLER, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of a detective of the Fayetteville Police Department assigned to a Bureau of Alcohol, Tobacco, Firearms and Explosives task force. The defendant presented the testimony of the proposed third-party custodian, a friend of the family. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## **Background**

Defendant was charged by criminal complaint on 8 May 2012 with felon in possession of a firearm on 30 November 2011 in violation of 18 U.S.C. § 922(g)(1). The evidence presented at

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

the hearing showed that the charges arise from an incident on the alleged offense date in which defendant forced a woman at gun point to drive him in her car to a secluded area where he raped her at gun point.  During the rape, defendant put down his pistol and at some point the woman was able to fight her way free, but only after being shot in the hand.  Defendant was shot in the thigh.  Defendant fired at her while she fled, naked from the waist down.  She called police from a nearby residence and gave them a statement there.

Police then went to defendant's home where they found him, with the bullet wound to his thigh.  He claimed that he had paid the woman for sex and that she attempted to rob him.  A search of defendant's residence at the time located the woman's cellular telephone in his bedroom.  Investigation later established that the pistol defendant used was the service weapon of his mother, a deputy sheriff at the time and also a resident of the home.  At the time of the rape and shooting, defendant was a convicted felon.  When he was arrested on the instant charges, defendant made a spontaneous statement to police confirming that he had taken his mother's pistol.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related and violent nature of the offense charged; the circumstances of the offense charged, including its relative recency, defendant's use of the pistol at issue to effect a rape, his discharge of the pistol, and his taking of the pistol from his mother; defendant's substantial criminal record, including 11 felony convictions (8 for drug offenses), 3 misdemeanor convictions, 2 probation revocations, commission of 4 offenses while on probation, and 9 failures to appear; defendant's mental health history, albeit apparently

controllable if he stays on his medication; the danger of continued drug and violent conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's absence from the home for full-time work and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lifelong residence in the community, his attendance at school for vocational rehabilitation, his apparent compliance with pretrial release on the counterpart state charges, and his turning himself in on the instant federal charges (with the active assistance of his mother). The court finds, however, that the factors favoring detention outweigh such evidence.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 15th day of May 2012.

_____
James E. Gates
United States Magistrate Judge